UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KERRY SALAS DE LA MIYA**           **DOCKET NO. 23-cv-01737**
**D.O.C. # 1550200**                 **SECTION P**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**DIVISION JUDGES 14TH JDC, ET AL.**   **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Pending before this Court are several pro se motions filed by the plaintiff[1].

I. Motion for Discovery, Motion for Scheduling Order and Motion to Serve [Docs. 7, 9, 18]

The issues raised in the Motion for Discovery [doc. 7], Motion for Scheduling Order [doc. 9] and Motion to Serve [18] are premature, as this matter remains under initial review.

II. Motion to Waive Filing Fees [Doc. 8]

On January 26, 2024, the undersigned granted plaintiff's motion to proceed in forma pauperis. [Doc. 15]  Accordingly, the motion to waive filing fees [doc. 8] is moot.

III. Motions to Appoint Counsel [Docs. 14, 20]

Plaintiff has filed two (2) Motions to Appoint Counsel. [Docs. 14, 20]  Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. §1915(e)(1), federal courts are

---

[1] In addition to the motions listed herein, there are two (2) Motions for Temporary Restraining Orders pending [docs. 16, 17].  These motions will be addressed by the Court in a separate order.

given the power to request that an attorney represent an indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."  See *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex.  Further, plaintiff has not shown himself to be unable to represent his own legal interests. See *Lozano v. Schubert,* 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021).  Accordingly, plaintiff's requests for appointment of

counsel are denied, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

IV.     Motion for Copies [Doc. 19]

Plaintiff requests that the Court provide him with date stamped copies of all documents in this matter. It is generally a plaintiff's burden to keep copies of all documents in his case or he must pay the Clerk the copy fee to make copies. Plaintiff provides the Court with no authority to provide him with free copies of documents filed with this Court. Plaintiff must pay for copies in advance.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Discovery, Motion for Scheduling Order and Motion to Serve, Motion to Waive Filing Fees, Motions to Appoint Counsel and Motion for Copies [docs. 7, 8, 9, 14, 18, 19, 20] are **DENIED**.

THUS DONE AND SIGNED in Chambers this 29th day of January, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE