UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KERRY SALAS DE LA MIYA**        DOCKET NO. 23-cv-01737
**D.O.C. # 1550200**                         SECTION P

**VERSUS**                                          JUDGE JAMES D. CAIN, JR.

**DIVISION JUDGES 14TH JDC, ET AL.**   MAGISTRATE JUDGE LEBLANC

## REPORT AND RECOMMENDATION

Pro se plaintiff, Kerry Salas De La Miya ("De La Miya"), filed a civil rights complaint pursuant to 42 U.S.C. §1983 on December 7, 2023. [Doc. 1.] De La Miya, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. On January 26, 2023, he filed two Motions for Temporary Restraining Order, presently before this Court. [Docs. 16, 17.]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.     BACKGROUND**

Through his first TRO, plaintiff seeks relief from the named defendant, Calcasieu Correctional Center ("CCC"), for certain conditions of his confinement at CCC. Doc. 16. Specifically, he alleges the CCC turns the lights off, preventing him from working on his legal filings. He also contends he has been placed in lockdown and prevented from speaking with his attorney. Finally, he complains CCC has blocked him from using email services and electronic communication with staff.

In the second TRO, plaintiff asks this Court to order the 14th Judicial District Court to allow him to attend hearings in his pending state criminal case.

## II.     LAW AND ANALYSIS

### A. TRO

A preliminary injunction can be issued only after notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).  If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison

setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

B.  APPLICATION

With respect to the conditions of confinement, De La Miya has not shown a substantial likelihood that he will prevail on the merits.

First, plaintiff cannot prevail against the CCC.  The Calcasieu Correctional Center is not a proper party to this suit.  Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).  In other words, the State of Louisiana has not granted juridical status to CCC.

Even if plaintiff had named a proper defendant, plaintiff's claim that he is being denied access to the courts due to the prison staff turning off the lights in the facility is without merit.  The right of access is not a "freestanding right," and a plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Chriceol*

*v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Id*. at 349. Plaintiff does not allege any missed deadlines or that he is being prevented from presenting a claim. Moreover, the fact that he has made numerous filings in this case belies any claim that he has been prevented from working on his legal files. Rather, he complains of mere inconvenience.

Moreover, any complaint regarding being placed in lockdown is not a claim that this Court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. *See Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this Court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline, and security in prison. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Finally, plaintiff's claim that he is being denied access to inmate email and electronic communication with staff is without merit. Multiple courts have held "that the benefits made available to prisoners under the TRULINCS system, including the use of e-mail correspondence, are merely ... institutional privileges, not constitutionally protected rights, which can be limited at the discretion of the warden." *Larson v. Mejia,* 2015 U.S. Dist. LEXIS 169370 *12 (N.D. Tex. No. 9, 2015 (collecting cases). Furthermore, to the extent plaintiff's allegations relate to the electronic grievance system, this claim would fail as well, as there is no constitutionally protected right to a prison grievance system. *Alexander v. Tex. Dep't of Crim. Just*., 951 F.3d 236, 240 (5th Cir. 2020) (affirming trial court's dismissal of inmate's claim that his grievances were mishandled or

improperly denied, as prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process.") (citation omitted). Thus, De La Miya has not shown a substantial likelihood that he will prevail on the merits of this claim.

With respect to his TRO against the 14th JDC, there is not substantial likelihood that plaintiff will succeed on the merits on this claim either. As stated above, Louisiana law governs whether the court is an entity which can be sued, i.e., whether it qualifies as a "juridical person." Fed. R. Civ. P. 17(b). Under these guidelines (Fed. R. Civ. P. 17(b) and La. Civ. Code Ann. art. 24), the 14th Judicial District Court is a non-juridical entity and is not capable of being sued. *Carter v. Sheriff's Office Calcasieu Parish*, 2014 U.S. Dist. LEXIS 7984, *6 (W.D. La. 2014) (citing *Moity v. Louisiana State Bar Asso.*, 414 F. Supp. 180, 182 (E.D. La.1976) ("state courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir.1976). Further, the judges of the 14th JDC have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). The judges are immune from claims involving hearings held in their courts.

Moreover, this Court lacks the jurisdiction to order the 14th Judicial District Court to allow plaintiff to attend hearings in his pending state criminal case. Federal district courts do not have jurisdiction to review state court decisions in civil cases and it is irrelevant that plaintiff may allege

that the state courts denied him due process of law. See 28 U.S.C. § 1257 (vesting appellate jurisdiction of state court decisions exclusively in the United States Supreme Court); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (United States District Courts "do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Finally, federal courts lack the authority to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir.1973).

Because the parties seeking a preliminary injunction must carry the burden of persuasion on all four factors, and because plaintiffs have failed to carry their burden of showing a substantial likelihood of success on the merits, the court need not address the remaining three factors. *See, e.g., Travelhost, Inc. v. Figg,* 2011 U.S. Dist. LEXIS 134470, 2011 WL 6009096, at *5 (N.D. Tex. Nov. 22, 2011) (Fitzwater, C.J.) (citing *DFW Metro Line Servs. v. Sw. Bell Tel. Co*., 901 F.2d 1267, 1269 (5th Cir. 1990) (affirming denial of preliminary injunctive relief on ground that movant had failed to show irreparable injury, and pretermitting discussion of other three factors)).

### III. CONCLUSION

For reasons stated above,

**IT IS RECOMMENDED** that De La Miya's Motions for Temporary Restraining Order [docs. 16, 17] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Division Judges of the 14th Judicial District Courts and the Calcasieu Correctional Center be **DISMISSED** as parties to this suit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in chambers this 15th day of February, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE