UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KERRY SALAS DE LA MIYA**              **DOCKET NO. 2:23-cv-01737**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**DIVISION JUDGES 14TH JDC, ET AL.**   **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the Court are the original and amended civil rights complaints [docs. 4, 12, 28 41], filed pursuant to 42 U.S.C. § 1983, by plaintiff Kerry Salas de la Miya, who is proceeding pro se and in forma pauperis in this matter. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

For reasons stated below, **IT IS RECOMMENDED** that claims against the following defendants be **DENIED** and **DISMISSED**[1]**:** (1) Joe Williams; (2) Ms. Romero; (3) Judge Canaday; (4) Tomeka Gilbert; (5) Stich Guillory; and (6) Lynn Jones, II.

## I.
### Background

Plaintiff alleges that on November 13, 2023, he was sexually abused by Calcasieu Parish Sheriff's Deputy Montu. In his first amended complaint (doc. 4), he names as defendants Deputy Montu, former Calcasieu Parish Sheriff Tony Mancuso and Warden Nugent. He claims that once he made the report of sexual abuse, he was moved to a maximum security cell "out of retaliation for making the report." Doc. 4, p. 1. He makes several complaints regarding the conditions of

---

[1] Plaintiff's claims against Warden Nugent, Tony Mancuso, Deputy Montu and the Does will be addressed in a separate Order.

the maximum security cell but makes no allegation of any injury sustained as a result of the conditions. He also alleges that the administration has "cut [him] off of U.S. mail and ordering things on the inmate store." *Id*. Plaintiff alleges that he has been denied medical care following the sexual abuse. *Id*. at p. 2.

In his Second Amended Complaint (doc. 12), he adds as defendants the Division Judges of the 14th JDC[2], Ms. Romero, Judge Canaday, Joe Williams and the Calcasieu Correctional Center ("CCC")[3]. Specifically, he alleges that Judge Canaday "failed to answer pro se motions denying [him] due process and equal access to the courts." Doc. 12, p. 3. He alleges that District Attorney Joe Williams refused to give him a speedy trial. *Id*. at p. 4.

Plaintiff also makes allegations that Warden Nugent has taken religious services out of the CCC and failed to provide him Kosher meals. *Id*.

Pages 6-23 of the Second Amended Complaint consist of a narrative that begins in October 2017, when plaintiff took a job at the Bruening Breeze Wind Farm in Texas. Plaintiff, referring to himself as the Secretary of Defense, tells of his wife being involved with the cartel and murders, his work on a windmill, time spent in Mexico where he was drugged and almost killed by the cartel, spying, Nobel Peace Prize winners, attempts made to cook him with 5G waves, stolen government credentials and being tracked by the government via satellite.

Finally, the Second Amended Complaint references additional allegations regarding the conditions of confinement at the CCC, including food on the floor, denial of showers, dirty cells, no recreation, cold food, and lead paint in the food.

Plaintiff filed a Third Amended Complaint on February 9, 2024, pursuant to which he makes additional allegations against D.A. Jospeh Williams regarding the prosecution of his

---

[2] Division Judges 14th Judicial District Courts have been dismissed from this suit. *See* doc. 36.
[3] The Calcasieu Correctional Center has been dismissed from this suit. *See* doc. 36.

criminal state court case. Doc. 28. He also makes allegations against his criminal attorney Tomeka Gilbert related to her representation of him in that criminal matter. The Third Amended Complaint consists of more fanciful stories involving RICO cover-ups, Russian mobsters, shell companies, "sex, drugs, rock n roll and gambling," bitcoin mining and the like.

Plaintiff's fourth and final Amended Complaint was filed on April 2, 2024. Doc. 41. In it, he seems to make allegations that certain real estate professionals in Lake Charles are working in connection with the district attorney's office to conspire against him. He names Sheriff Stich Guillory, current Calcasieu Parish Sheriff, as a defendant, making the outlandish allegation that the sheriff's daughter or granddaughter owns a partnership in a real estate company that has conspired to steal plaintiff's access to bitcoin using the sheriff's technology to access his iPhone. *Id*. at p. 2. Finally, he names Deputy Clerk Lynn Jones II as a defendant, alleging that he is part-owner in the real estate company working against plaintiff, which is a "conflict of interest, abuse of public trust, RICO, unjust enrichment, kidnapping, false imprisonment, extortion." *Id.* at p. 3.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Mr. de la Miya has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Improper Defendants

#### a. Joe Williams

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). Absolute immunity is immunity from suit rather than from liability. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id*. at 1478. The instant complaint is devoid of

any facts that establish plaintiff's claims are for any action other than the defendant's role as a prosecutor and, as such, Joe Williams should be dismissed from this suit.

### b. Ms. Romero

In his Second Amended Complaint, plaintiff lists "Ms. Romero" as a defendant. *See* doc. 12, p. 3, ¶ III(b). However, he states no specific claims against her. As such, Ms. Romero should be dismissed from the instant suit.

### c. Judge Michael Canaday

Plaintiff's claims against Judge Michael Canaday stem from the fact that he is, or was, the presiding judge in the criminal proceedings against him and, therefore, arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judge Canaday meet the criteria set forth above, he is immune from suit and claims against him should be dismissed.

### d. Tomeka Gilbert

Mr. de la Miya is, or was, represented in state court by Gilbert. It is unclear whether Gilbert was hired or appointed to represent plaintiff; however, the distinction is of no moment to the Court's analysis.

If Gilbert is a private attorney, hired to represent plaintiff, claims against him/her should be dismissed, as he/she is not a state actor. To state a claim under § 1983, a plaintiff must allege

the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.

If Gilbert was appointed by the state court to represent plaintiff therein, his § 1983 claim still fails, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 102 S. Ct. 445, 453 (1981). This is because even though counsel is appointed, their duty is owed to their client, not the State. *Id*. at 450.

   e.  *Stich Guillory & Lynn Jones, II*

Plaintiff's claims against Sheriff Stich Guillory and Deputy Clerk Lynn Jones II should be dismissed as frivolous, as they lack an arguable basis in either law or fact.

### III.
#### Conclusion

Accordingly, **IT IS RECOMMENDED** that (1) Joe Williams; (2) Ms. Romero; (3) Judge Canaday; (4) Tomeka Gilbert; (5) Stich Guillory; and (6) Lynn Jones, II be **DISMISSED** from this lawsuit.

**IT IS FURTHER RECOMMENDED** that all claims, *except* the following, be **DENIED and DISMISSED WITH PREJUDICE** as frivolous: (1) plaintiff's claim of sexual assault against

Deputy Montu; (2) plaintiff's claims of retaliation; (3) plaintiff's claims of denied medical care after the sexual assault; (4) plaintiff's claims that he is being denied his religious freedoms; and (5) plaintiff's claims regarding the conditions of confinement at CCC. These enumerated claims will be addressed in a separate Order.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 18th day of June, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE