UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KERRY SALAS DE LA MIYA**          **DOCKET NO. 2:23-cv-01737**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**DIVISION JUDGES 14TH JDC, ET AL.**   **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

Before the Court are the original and amended civil rights complaints [docs. 4, 12, 28 41], filed pursuant to 42 U.S.C. § 1983, by plaintiff Kerry Salas de la Miya, who is proceeding pro se and in forma pauperis in this matter. Also pending before the Court are the following motions: (1) Motion for Order to Show Cause, Motion for TRO, Motion for Preliminary Injunction (doc. 24); (2) Motion to Appoint Counsel (doc. 25); (3) Motion for Reconsideration (doc. 26); (4) Motion for Order to Show Cause, Motion for TRO, Motion for Preliminary Injunction (doc. 29); (5) Motion to Serve all Parties, Motion for Leave (doc. 30); (6) Motion for Order to Show Cause, Motion for TRO, Motion for Preliminary Injunction (doc. 31); (7) Motion for Order to Show Cause, Motion for TRO, Motion for Preliminary Injunction (doc. 32); (8) Motion for Order to Show Cause, Motion for TRO, Motion for Preliminary Injunction (doc. 33); (9) Motion for Writ of Mandamus (doc. 37); (10) Motion for Order to Show Cause (doc. 38); (11) Motion for Bond Forfeiting Hearing (doc. 39); and (12) Motion for Joinder (doc. 40).

I.      **STATEMENT OF THE CASE**

Plaintiff alleges that on November 13, 2023, he was sexually abused by Calcasieu Parish Sheriff's Deputy Montu. In his first amended complaint (doc. 4), he names as defendants Deputy Montu, former Calcasieu Parish Sheriff Tony Mancuso and Warden Nugent. He claims that once he made the report of sexual abuse, he was moved to a maximum security cell "out of retaliation

for making the report." Doc. 4, p. 1. He makes several complaints regarding the conditions of the maximum security cell but makes no allegation of any injury sustained as a result of the conditions. He also alleges that the administration has "cut [him] off of U.S. mail and ordering things on the inmate store." *Id*. Plaintiff alleges that he has been denied medical care following the sexual abuse. *Id*. at p. 2.

In his Second Amended Complaint (doc. 12), he adds as defendants the Division Judges of the 14th JDC[1], Ms. Romero, Judge Canaday, Joe Williams and the Calcasieu Correctional Center ("CCC")[2]. Specifically, he alleges that Judge Canaday "failed to answer pro se motions denying [him] due process and equal access to the courts." Doc. 12, p. 3. He alleges that District Attorney Joe Williams refused to give him a speedy trial. *Id*. at p. 4.

Plaintiff also makes allegations that Warden Nugent has taken religious services out of the CCC and failed to provide him Kosher meals. *Id*.

Pages 6-23 of the Second Amended Complaint consist of a narrative that begins in October 2017, when plaintiff took a job at the Bruening Breeze Wind Farm in Texas. Plaintiff, referring to himself as the Secretary of Defense, tells of his wife being involved with the cartel and murders, his work on a windmill, time spent in Mexico where he was drugged and almost killed by the cartel, spying, Nobel Peace Prize winners, attempts made to cook him with 5G waves, stolen government credentials and being tracked by the government via satellite.

Finally, the Second Amended Complaint references additional allegations regarding the conditions at the CCC, including food on the floor, denial of showers, denial of books and newspapers, denial of ability to file grievances, dirty cells, no recreation, cold food, and lead paint in the food.

---

[1] The Division Judges of the 14th Judicial District Court have been dismissed from this suit. *See* doc. 36.
[2] The Calcasieu Correctional Center has been dismissed from this suit. *See* doc. 36.

Plaintiff filed a Third Amended Complaint on February 9, 2024, pursuant to which he makes additional allegations against D.A. Jospeh Williams regarding the prosecution of his criminal state court case. Doc. 28. He also makes allegations against his criminal attorney Tomeka Gilbert related to her representation of him in that criminal matter. The Third Amended Complaint consists of more fanciful stories involving RICO cover-ups, Russian mobsters, shell companies, "sex, drugs, rock n roll and gambling," bitcoin mining and the like.

Plaintiff's fourth and final Amended Complaint was filed on April 2, 2024. Doc. 41. In it, he seems to make allegations that certain real estate professionals in Lake Charles are working in connection with the district attorney's office to conspire against him. He names Sheriff Stich Guillory, current Calcasieu Parish Sheriff, as a defendant, making the outlandish allegation that the sheriff's daughter or granddaughter owns a partnership in a real estate company that has conspired to steal plaintiff's access to bitcoin using the sheriff's technology to access his iPhone. *Id*. at p. 2. Finally, he names Deputy Clerk Lynn Jones II as a defendant, alleging that he is part-owner in the real estate company working against plaintiff, which is a "conflict of interest, abuse of public trust, RICO, unjust enrichment, kidnapping, false imprisonment, extortion." *Id*. at p. 3.

In a separate ruling, the undersigned recommended dismissal of all parties except Warden Nugent, Sheriff Mancuso, Deputy Montu and the John Doe defendants. Moreover, the Court recommended dismissal of all claims except the following: (1) plaintiff's claim of sexual assault against Deputy Montu; (2) plaintiff's claims of retaliation; (3) plaintiff's claims of denied medical care after the sexual assault; (4) plaintiff's claims that he is being denied his religious freedoms; and (5) plaintiff's claims regarding the conditions of confinement at CCC. These claims will be addressed herein.

## II. LAW AND ANALYSIS

### 1. Frivolity Review

De la Miya has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following:

> (1) **the name(s) of each person who allegedly violated plaintiff's constitutional rights;**
>
> (2) **a description of what actually occurred or what each defendant did to violate plaintiff's rights;**
>
> (3) **the place and date(s) that each event occurred; and**

  (4) **a description of the alleged <u>injury</u> sustained as a result of the alleged violation.**

3. **Claims**

  a. *Sexual Assault*

While sexual assault or abuse can certainly be sufficiently serious to constitute an Eighth Amendment violation, not every allegation of inappropriate touching by a prisoner meets this standard. An alleged sexual assault is only actionable "under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." *Tilley v. Gonzalez*, 2010 U.S. Dist. LEXIS 38359, 2010 WL 1541494, at *4 (N.D.Tex. Mar. 10, 2010) (Ramirez, J.), report and recommendation adopted, 2010 U.S. Dist. LEXIS 38432, 2010 WL 1542181 (N.D.Tex., Apr. 15, 2010) (Lindsay, J.) (citing *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997) (holding that isolated episodes of verbal sexual harassment and fondling of inmate's genitals by prison guard, though despicable, did not establish Eighth Amendment violation). Plaintiff should amend to provide additional facts with respect to the alleged sexual assault by Deputy Montu.

  b. *Religious Rights*

Prisoners must be given a reasonable opportunity "to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 405 U.S. 319 (1972). Pursuant to this right, prison officials have a duty to accommodate inmates' religious beliefs unless there is a legitimate penological interest which prevents such accommodation. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (noting that Muslim inmates are entitled to pork free diets upon request); *but see also Powell v. Estelle*, 959 F.2d 22, 24 (5th Cir. 1992) (holding that TDCJ's prohibition on long hair is rationally related to the legitimate state objectives of maintaining security, facilitating

inmate identification and maintaining good hygiene). Under RLUIPA,[3] if prison officials impose a "substantial burden" on a prisoner's religious practices they must use the "least restrictive means" to impose this burden in order to meet a "compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). In doing so, the court accords "due deference to the experience and expertise of prison and jail administrators." *Cutter v. Wilkinson*, 544 U.S. 709, (2005); see also *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007) (such deference is applied regarding the implementation of regulations in order to maintain the prison's security, discipline and good order).

An isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion. *Cancel v. Mazzuca*, 205 F.Supp.2d 128, 142 (S.D.N.Y. 2002). Moreover, RLUIPA does not make an inmate's right to practice his religion superior to the prison's need to maintain order, security and discipline. *Baranowski*, 486 F.3d at 125.

With respect to his claims regarding denial of his right to practice his religion, plaintiff should amend to comply with Rule 8.

### c. *Conditions of Confinement*

Plaintiff makes numerous allegations regarding the conditions of confinement at CCC. He should amend his complaint to provide the information required by Rule 8 with respect to each claim he intends to move forward.

### d. *Failure to provide medical care*

Plaintiff claims that he was denied medical care following the alleged sexual assault. He must amend his complaint to provide more details regarding his claim for denied medical care. As a pretrial detainee, plaintiff's constitutional rights flow from the Fourteenth Amendment Due

---

[3] The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, et seq.

Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission.

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

In order to prevail on such claims, a prisoner must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

To the extent he alleges a denial of medical care, plaintiff must provide facts to establish that each named defendant displayed a subjective intent to cause harm. He should provide details

regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health. He should allege facts to support a claim against <u>each named defendant</u> for denial of medical care.

### e. *Retaliation*

"Retaliation" is not expressly referenced in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 92 S. Ct. 2694, 2698 (1972). Retaliation is actionable only if the retaliatory act "'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995) (citations omitted). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities." *Reese v. Skinner,* 322 F. App'x 381, 383 (5th Cir. 2009) (per curiam) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (per curiam) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de*

*minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), cert denied, 522 U.S. 995 (1997) (citations omitted). "Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325 (citing *Woods*, 60 F.3d at 1166). The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id*. In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

Plaintiff should amend to specify which prison official(s) against whom he intends to bring a retaliation claim. Moreover, he should provide specific facts setting forth either direct evidence of motivation or a chronological series of events from which retaliation can be inferred with respect to each defendant against whom he intends to bring a retaliation claim.

4. **Parties**

   a. ***Supervisory Officials***

Plaintiff names Warden Nugent and Sheriff Tony Mancuso as defendants herein. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional

9

policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S.Ct. 248 (1983).

In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either <u>personal involvement</u> or the <u>implementation of unconstitutional policies</u> by those defendants.

### b. John Does

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). In certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants. *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy,* 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel

records); *Bivens*, 403 U.S. at 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records).

To the extent that plaintiff intends to name defendants whose identifies are unknown at this time, he should amend to provide some way to identify them including physical descriptions, partial names or nicknames, positions, date, time and/or specifics of the incident(s), or from duty rosters and personnel records. He should comply with Rule 8 with regard to the allegations he makes against each defendant.

### III. PENDING MOTIONS

**1. Docs. 24, 31, 32, 33, 38 - Motions for Order to Show Cause; Docs. 29, 37 – Motion for Writ of Mandamus; Doc. 30 -- Motion for Leave to Serve All Parties; Doc. 39 – Motion for Bond Forfeiting Hearing**

Through these motions, plaintiff asks this Court to make rulings that are inappropriate, premature, or simply outside of its purview. He has failed to show he is entitled to the relief sought and therefore, these motions are DENIED.

**2. Doc. 25- Motion to Appoint Counsel**

For the same reasons set forth in doc. 23, this motion is DENIED.

**3. Doc. 26 – Motion for Reconsideration**

Plaintiff's motion for Reconsideration of the Court's denial of docs. 7, 8, 9, 14, 18, 19 and 20 is DENIED.

**4. Doc. 40 – Motion for Joinder**

Through this motion, plaintiff seeks to add Damian Ledoux, an inmate at CCC, as a plaintiff in his suit. In this Court, parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer. *See Williams v. Goodwin,* 2014 U.S. Dist. LEXIS 182006, (W.D. La. Sept. 23, 2014) citing *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing

authorities)). Here, Plaintiff is not a licensed attorney and cannot represent the other putative plaintiffs. Accordingly, this motion is DENIED, and the Court will consider only the alleged harms that plaintiff personally suffered.

### IV. CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims and/or defendants plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall name individual defendants and precisely state what each named defendant did to violate plaintiff's constitutional rights.

**IT IS FURTHER ORDERED** that plaintiff is to only address the claims/parties referenced herein. He is not to raise any new claims or discuss any claims that have been addressed by this Court. Any amended complaint filed naming new defendants or raising new claims will be stricken from the record.

**IT IS FURTHER ORDERED** that docs. 24, 25, 26, 29, 30, 31, 32, 33, 37, 38, 39 and 40 are **DENIED**.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in chambers this 18th day of June, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE